UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
YOLANDA WILLIAMS,

                        Plaintiff,                  **ORDER**
                                                                           CV 04-286 (JS)(ARL)

     -against-

PROFESSIONAL COLLECTION SERVICES,
INC. and JIMMY KING,

                        Defendants.
-------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

      Before the court is a motion by the plaintiff, Yolanda Williams, to amend her complaint and to join additional defendants. To be precise, the plaintiff seeks (1) to add a claim pursuant to 15 U.S.C. § 1692e, e(5) and e(10), noting that the defendants violated the Fair Debt Collection Practices Act by threatening to collect a debt without a license, (2) to add a claim pursuant to General Business Law § 349 and (3) to add a libel claim based on recordings left on the plaintiff's answering machine. The plaintiff also seeks to add two new parties, namely James Vogel and James Dorsa, whom the plaintiff claims own and/or are employed by the defendant corporation. The defendants oppose the motion on several grounds. First the defendants argue that the plaintiff's supporting papers do not comply with the laws of New York State. Second, the defendants contend that Mr. Vogel and Mr. Dorsa are not violators under the Fair Debt Collection Practices Act (FDCPA). Finally, the defendants argue that the plaintiff's proposed defamation claim is fatally defective in that the plaintiff failed to allege that the defamation was intentional. For the reasons set forth below, the plaintiff's motion is granted, in part, and denied, in part.

## BACKGROUND

      The plaintiff commenced this action in January 2004, alleging that the defendants,

Professional Collection Services, Inc. and "Jimmy King," violated the Fair Debt Collection Practices Act as well as New York tort law.  The complaint specifically claims that the plaintiff received a series of abusive and deceptive phone messages from a person employed by the defendant corporation who called himself "Jimmy King."  The complaint did not name the corporations two owners, James Dorsa and James Vogel, whose identities were later reflected in documentation received from the named defendants.

At the initial conference held before the undersigned, the parties were directed to submit any motions to amend the pleadings or join new parties on or before September 1, 2004.  By letter dated July 23, 2004, the plaintiff requested a premotion conference to seek permission to file a motion to amend the complaint and join additional parties.  Finding that a premotion conference was not necessary, the court set a briefing schedule for the motion and directed the plaintiff to electronically file the fully briefed motion papers with the court.

## DISCUSSION

As the motion was timely made, it must be determined under the liberal standard of Rule 15.  Pursuant to Fed. R. Civ. P. 15(a), "leave to [amend] shall be freely granted when justice so requires."  "Only 'undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party...[or] futility of the amendment' will serve to prevent an amendment prior to trial." *Mathon v. Marine Midland Bank, N.A.*, 875 F. Supp. 986, 1002 (E.D.N.Y. 1995) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 9 L. Ed. 2d 222, 83 S. Ct. 227, 230 (1962)).

As a threshold matter, to the extent the defendants' arguments rely on New York State procedural law, they will not be addressed by the undersigned as they have no precedential authority.  The court will, however, address the defendants' argument that the General Business

Law and libel claims were improperly pled and that the owners of the defendant corporation do not constitute violators under the provisions of the Fair Debt Collection Practices Act. Because the defendants have not cited to Rule 15 or provided any legal support for these arguments, the court must construe them as arguments that the amendments would be futile.

A determination of futility is made under the same standards that apply to Rule 12 (b)(6) motions to dismiss. *See Nettis v. Levitt,* 241 F.3d 186, 194, n.4 (2d Cir. 2001). On a motion to dismiss, the court deems all facts alleged in the complaint as true, "and draw[s] inferences from those allegations in the light most favorable to the plaintiff." *Dew v. United States,* 192 F.3d 366, 371 (2d Cir. 1999), *cert. denied,* 120 S. Ct. 1554 (2000); *see also H.J., Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 249-50 (1989). A claim may be dismissed only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957) (footnote omitted); *see also Northrop v. Hoffman of Simsbury, Inc.*, 134 F.3d 41, 44 (2d Cir. 1997).

The Court's inquiry at this stage is limited to the facts in the complaint or in documents attached to the complaint. *See Newman & Schwartz v. Asplundh Tree Expert Co.,* 102 F.3d 660, 662 (2d Cir. 1996). The question is not whether plaintiff will prevail, but rather "whether the claimant is entitled to offer evidence to support the claims." *Arizona Premium Fin., Inc. v. Bielli,* 77 F. Supp. 2d 341, 345 (E.D.N.Y. 1999) (quoting *Villager Pond, Inc. v. Town of Darien,* 56 F.3d 375, 378 (2d Cir. 1995)). In addition, Federal Rule of Civil Procedure 8(a) requires only a "'short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47 (quoting Fed. R. Civ. P. 8 (a)). Applying these standards, the undersigned finds that, with the exception of the General Business Law claim, the proposed claims are not futile as a matter of law, and the

amendment should be allowed.

In opposition to the motion to amend, the defendants vaguely contend that the claim asserted pursuant to General Business Law section 349 is deficient because the plaintiff has failed to "assert that the Defendant has misled the plaintiff in a material way." *See* Defs. Mem. of Law at 2. This argument has no merit. The proposed amended complaint sets forth seven instances of deception by the defendants. *See* Proposed Amended Complaint ¶ 45 (a) - (g). Despite the absence of meaningful opposition, the court is nonetheless concerned with this proposed amendment.

Section 349 of the New York General Business Law makes unlawful "deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state." N.Y. Gen. Bus. Law § 349(a). In 1980, the Act was amended to provide the right of action originally granted only to the Attorney General to "any person who has been injured by reason of any violation of this section." *Id.* at § 349(h). In order to be actionable, however, plaintiffs cannot merely allege injury to themselves but must allege that the defendants engaged in consumer oriented acts. *See State Farm Mutual Automobile Ins. Co. v. Mallela,* 175 F. Supp. 2d 401 (E.D.N.Y. 2001). "Consumer-oriented [is] defined as conduct that 'potentially affect[s] similarly situated consumers.'" *Id.* (citing *S.Q.K.F.C., Inc. v. Bell Atlantic TriCon Leasing Corp.,* 84 F.3d 629, 636 (2d Cir. 1996). Although, the plaintiff need not show that the acts complained of occurred "repeatedly -- either to the same plaintiff or to other consumers," he must demonstrate that the act complained of has a broad impact on consumers at large. *See Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank,* 85 N.Y.2d 20 (1985). The plaintiff's amended complaint is devoid of any reference to harm to the public at large. Accordingly, the plaintiff's motion to amend the complaint to add a § 349 claim is denied as futile, with leave to renew if the

4

plaintiff, upon closer review of section 349, believes that the facts give rise to such a claim.

The court also finds that the defendants' opposition with respect to the defamation claim to be without merit. However, the court requires additional information in order to address the adequacy of the proposed "libel claim." Although the facts alleged by the plaintiff may give rise to a defamation action, neither party has addressed the issue of whether a recording left on an answering machine constitutes libel or is more properly pled as slander. Accordingly, the plaintiff's motion to amend the complaint to add a "libel" claim is granted to the extent she seeks to add a defamation claim. The plaintiff is, however, directed to provide the court with a supplemental letter, not to exceed three pages, addressing the issue of whether a recording on an answering machine constitutes libel or slander. The supplemental letter shall be submitted on or before December 15, 2004. If the defendants wish to respond to the plaintiff's submission, they may also submit a letter, not exceeding three pages, on or before December 22, 2004.

Finally, the defendants' argument that Mr. Vogel and Mr. Dorsa are not violators of the Federal Fair Debt Collection Practices Act (FDCPA) is also without merit. The Fair Debt Collection Practices Act defines a debt collector as

> Any person who uses any instrumentality of interstate commerce or the mails in any business the principle purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

15. U.S.C. § 1692a(6). A high-ranking employee, executive, or director of a collection agency may fit within the statutory definition of a debt collector as long as the defendant was personally involved in the collection of the debt. *See Musso v. Seiders*, 194 F.R.D. 43, 46-47 (D. Conn. 1999). In her proposed amended complaint, the plaintiff alleges that the defendants left a series of abusive and deceptive phone messages on the plaintiff's answering machine in an attempt to

collect a debt. The plaintiff contends in her memorandum that the phone messages were likely made either one or both of the owners using the alias "Jimmy King." Assuming these facts to be true, the plaintiff has alleged sufficient facts to hold James Vogel and James Dorsa liable under the Fair Debt Collection Practices Act. Accordingly, the plaintiff's motion to amend the complaint to add James Vogel and James Dorsa is also granted.[1]

Also before the court is the plaintiff's motion seeking to compel more complete responses to the plaintiff's request for documents and an extension of the discovery deadlines. The plaintiff's application is granted, as unopposed. Accordingly, the scheduling order is amended as follows:

**February 18, 2005:** All discovery, inclusive of expert discovery, to be concluded.

**March 11, 2005 :** Rule 56.1 statement to be served by moving party. Responding party shall have seven days to serve responsive 56.1 statement.

**March 21, 2005 :** Final conference before the undersigned at 11:00 a.m. Parties are to electronically file a joint proposed pretrial order in compliance with Judge Seybert's individual rules, signed by counsel for each party, prior to the conference.

The plaintiff's application for sanctions is denied. The undersigned is advised that Mr. Holtzer has been terminated as counsel for the defendants. Accordingly, this matter is no longer

---

[1] In deciding whether to permit joinder under Rule 20, the court is guided by the same liberal standard afforded to motions to amend pleadings under Rule 15. *SEB S.A. v. Montgomery Ward & Co., Inc.*, 2002 U.S. Dist. LEXIS 18440, *12 (October 1, 2003 S.D.N.Y.).

exempt for the electronic case filing requirements.

Dated: Central Islip, New York
       December 7, 2004                     **SO ORDERED:**

                                               _____/s/_____
                                               ARLENE R. LINDSAY
                                               United States Magistrate Judge